An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

T.I.P. HOLDINGS CORPORATION, A
NEVADA CORPORATION,
Appellant,
vs.
SHERRY B. BOWERS,
Respondent.

No. 56818



FILED

FEB 28 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

ORDER OF AFFIRMANCE

This is an appeal from a district court judgment in a real property contract action. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

In 2005, appellant T.I.P. Holdings Corporation (TIP), represented by respondent Sherry Bowers, filed a complaint against Louis Orabona, individually, and Louis Orabona and Joliett Orabona (the Orabonas), as trustees of the Orabona 2000 Family Trust. During the course of the litigation, TIP terminated its relationship with Bowers. Bowers filed a motion for perfection of an attorney's lien and a motion to foreclose on the attorney's lien. The district court granted Bowers' motion. The district court then granted the Orabonas' motion for summary judgment. After the district court dismissed the Orabonas' counterclaims, this appeal followed. Because the parties are familiar with the facts and procedural history of this case, we do not recount them further except as necessary for our disposition.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-06306

TIP contends that the district court lacked jurisdiction to adjudicate Bowers' attorney's lien.[1] We disagree. Accordingly, we affirm the district court decision.

## The district court had jurisdiction to adjudicate Bower's attorney's lien because Bowers had a retaining lien against TIP's file

TIP argues that if Bowers had an attorney's lien, it was a charging lien, which this court invalidated in the absence of recovery of damages in Argentena Consol. Mining Co. v. Jolley Urga, 125 Nev. 527, 216 P.3d 779 (2009). Bowers asserts that even if she cannot recover under a charging lien, she can still recover under a retaining lien, which is not bound to a client's recovery but is rather a quantum meruit exchange for the client's file. We agree with Bowers.

Whether the district court exceeds its jurisdiction to adjudicate an attorney-client fee dispute is a question of law subject to de novo review. Id. at 531, 216 P.3d at 782.

Nevada recognizes two kinds of attorney's liens. Figliuzzi v. District Court, 111 Nev. 338, 342, 890 P.2d 798, 801 (1995). The first, authorized by NRS 18.015, provides for special or charging liens. Id. A charging lien creates a right for an attorney to be paid out of judgment

---

[1]TIP also argues that the district court abused its discretion by awarding attorney fees because NRS 18.015 requires the district court to wait until the verdict is issued in the matter before allowing the execution of a charging lien. The record on appeal demonstrates that while TIP disputed the amount of attorney fees to award, it never made an argument concerning the propriety of the award pursuant to NRS 18.015. Thus, since this argument is brought forth for the first time on appeal, it is deemed waived. See Old Aztec Mine, Inc. v. Brown, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

 

proceeds which he or she assisted in recovering. Morse et al. v. District Court, 65 Nev. 275, 284, 195 P.2d 199, 203 (1948) (citation and internal quotations omitted). Common law established a second type of lien, "a general or retaining lien, which allows a discharged attorney to withhold the client's file and other property until the court, at the request or consent of the client, adjudicates the client's rights and obligations with respect to the lien." Argentena, 125 Nev. at 532, 216 P.3d at 782.

Bowers asserts that she retained TIP's original file and only provided copies of select documents to TIP's subsequent counsel, and that she did so to preserve her right to perfect a retaining lien.[2] Since there is support in the record for this assertion, the only remaining question is whether the district court had jurisdiction to perfect a retaining lien.

A court can acquire jurisdiction over the adjudication of a retaining lien through the client's request or consent. Id. at 534, 216 P.3d at 784. Therefore, the district court had jurisdiction to adjudicate a retaining lien if TIP either requested the court's involvement or consented to the court's involvement. Id.

It appears from the record on appeal that TIP consented to the court's adjudication of Bowers' lien. TIP's opposition to Bowers' motion for perfection of an attorney's lien and motion to foreclose on the attorney's lien does not contest the district court's jurisdiction to adjudicate the

---

[2]We note that Bowers' motion and notice of perfection of attorney's lien and motion to foreclose on attorney's lien incorporates by reference the original fee agreement wherein she preserved her rights to collect under a retaining lien. We further note that the district court's order grants Bowers her attorney's liens on both common law and statutory grounds. As such, the possibility of a retaining lien was before the district court and properly preserved for argument on appeal.

attorney's lien. Further, the motion for reconsideration of the district court's order adjudicating the attorney's lien does not allege that the district court lacked jurisdiction. Rather, TIP's main contentions below regarded the excessiveness of fees and the fact that some of the fees charged were for another unrelated case. Thus, TIP consented to the district court's jurisdiction over Bowers' retaining lien. Therefore, we conclude that the district court had jurisdiction to adjudicate Bowers' attorney's lien.[3] Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Jessie Elizabeth Walsh, District Judge
Stephen E. Haberfeld, Settlement Judge
Scarpello & Huss, Ltd.
Sherry B. Bowers
Eighth District Court Clerk

---

[3]Bowers requests that we sanction TIP. Having reviewed the record and briefs, we decline to impose sanctions.

[4]We have reviewed the parties remaining arguments and conclude that they are without merit.